STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlegrand.com

GIBSON LEGRAND LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BEST ODDS CORP., a Nevada corporation,<br><br>        Plaintiff,<br>    v.<br><br>IBUS MEDIA LIMITED, a foreign company;<br>IBUS MEDIA HOLDINGS (IOM) LIMITED, a<br>foreign company,<br><br>        Defendants. | Case No.:  2:14-cv-00932<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

     Plaintiff Best Odds Corp. ("Plaintiff"), by and through its counsel, GIBSON LEGRAND LLP, complains and alleges as follows against Defendants iBus Media Limited ("iBus Media") and iBus Media Holdings (IOM) Limited ("iBus Holdings"; collectively with iBus Media, "Defendants"), on information and belief, that the following are and have been true at all times relevant to this lawsuit unless otherwise indicated specifically to the contrary:

### NATURE OF THE ACTION

    1.    This is an action for service mark infringement under § 32 of the Lanham Trademark Act of 1946 (the "Lanham Act") (15 U.S.C. § 1114) and misappropriation of licensable commercial properties under Nevada common law, all arising from Defendants' repeated infringement of Plaintiff's registered service mark MAC POKER, a copy of said registration is attached hereto as Exhibit 1.

### PARTIES

    2.    Plaintiff is a Nevada corporation duly organized under the laws of the State of Nevada, with its principal place of business in Nevada.

3.      iBus Media is an entity organized under the laws of the Isle of Man, with its principal place of business outside the United States.

4.      iBus Holdings is an entity organized under the laws of the Isle of Man, with its principal place of business outside the United States.

## JURISDICTION

5.      This Court has original jurisdiction over this entire action pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and 28 U.S.C. § 1338.

6.      This Court has original jurisdiction over this entire action pursuant to 28 U.S.C. § 1332 because this is a civil action between parties with complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Personal jurisdiction over Defendants is proper because Defendants have, by way of a declaration submitted to the United States government, stipulated that Defendants engage in direct United States commerce in the United States on and through mark Poker News (the "Defendants' Registered Mark") with respect to all of the goods and services set forth in the United States mark registration number 4483267 (the "Defendants' Mark Registration"), a copy of said registration is attached hereto as Exhibit 2.

8.      Personal jurisdiction over Defendants is proper because Defendants purposefully avail themselves of the protections of the federal courts throughout the United States by way of the Defendants' Mark Registration in the event of any third party infringement of the Defendants' Registered Mark.

9.      Personal jurisdiction over Defendants is proper because it is the manifest and axiomatic intention of Defendants to benefit from the protections of the United States court system by way of procuring a federal registration for the Defendants' Registered Mark.

10.     Personal jurisdiction over Defendants is proper because Defendants mandatorily claim the exclusive nationwide right to use in commerce the Defendants' Registered Mark.

11.     Personal jurisdiction over Defendants is proper because Defendants actively solicit employees to work for Defendants with respect to Defendants operations in the State of Nevada by way of Defendants website as indicated in Exhibit 3 attached hereto.

-2-

12.     Personal jurisdiction over Defendants is proper because Defendants have routinely and continuously employed individuals to work in the State of Nevada on at least an annual basis since at least 2008 to conduct live reporting in Las Vegas as shown in Defendants' website as indicated in Exhibit 4 attached hereto.

13.     Personal jurisdiction over Defendants is proper because Defendants enter into contracts with United States residents on a systematic and continuous basis as part of Defendants routine business activities conducted from Defendants' website by way of Defendants entry into terms of use agreements with said United States residents (the "Contracts") as shown in Defendants' website as indicated in Exhibit 5 attached hereto.

14.     A material subsection of the United States residents with whom the Defendants enter into the Contracts are Nevada residents.

15.     Personal jurisdiction over Defendants is proper because Defendants' website-based commercial activities with United States residents are active and dynamic insofar as the website is not merely a passive website, but rather, engages United States residents through the use of active and persistent log-in "cookies" that track and engage the relevant interactive activities of Defendants' United States resident consumers for purposes of commercial gain as shown in Defendants' website as indicated in Exhibit 6 attached hereto.

16.     Personal jurisdiction over Defendants is proper because Defendants' commercial activities in the United States as otherwise alleged herein are materially tied to Nevada with continuing "Sin City Series" activities (as shown in Defendants' website as indicated in Exhibit 7 attached hereto),  relationships with the World Series of Poker centered in Las Vegas (as shown in Defendants' website as indicated in Exhibit 8 attached hereto), and otherwise significant commercial activity with Nevada residents and businesses.

17.     Personal jurisdiction over Defendants is proper because Defendants, as competitors of Plaintiff, intentionally created or caused to be created, and continue to maintain or cause to be maintained, a minimum of three World Wide Web sites, reposed at the domains <pokernews.com>, <pokernetwork.com>, and <pokerworks.com> (collectively, "Defendants'

Websites"), which contain content that, without limitation, infringes Plaintiff's registered service mark.

18.    Personal jurisdiction over Defendants is proper because Defendants, as competitors of Plaintiff, engaged in wrongful conduct, including, without limitation, infringement of Plaintiff's registered service mark, which wrongful conduct was targeted at Plaintiff, whom Defendants knew to be a resident of the United States.

19.    Personal jurisdiction over Defendants is proper because Defendants themselves admit, in a publicly published self-serving statement, that Defendants' Websites have "significant U.S. presence" (the "Presence Admission") as shown in Defendants' website as indicated in Exhibit 9 attached hereto.

20.    Personal jurisdiction over Defendants is proper because even if Defendants' Presence Admission is deemed merely a marketing ploy, such Presence Admission should reasonably make Defendants aware that Defendants will be viewed as making an admission of maintaining significant United States minimum contacts.

21.    Personal jurisdiction over Defendants is proper because Defendants provide news coverage of gaming-related events in the United States and Nevada, such as the World Series of Poker, with such coverage directed to a United States-based audience.

22.    Personal jurisdiction over Defendants is proper because Defendants provide on, without limitation, pokernews.com, functionality by which site users may make hotel and other travel reservations in the United States and Nevada (the "Hotel Network") as shown in Defendants' website as indicated in Exhibit 10 attached hereto.

23.    Personal jurisdiction over Defendants is proper because Defendants provision of the Hotel Network is enabled through engaging in business with United States contracting parties insofar as Defendants themselves do not own or manage hotel venues themselves.

24.    Personal jurisdiction over Defendants is proper because Defendants, competitors of Plaintiff, committed Defendants' wrongful acts with the knowledge that Plaintiff is a resident of both Nevada and the United States and would suffer any injuries from Defendants' wrongful conduct in Nevada and the United States.

25. Personal jurisdiction over Defendants is proper because Defendants, who are both foreign entities, are not subject to jurisdiction in courts of general jurisdiction of any state of the United States.

**VENUE**

26. Defendants are aliens, and this action is thus appropriately venued in the District of Nevada pursuant to 28 U.S.C. § 1391(d).

27. This action is appropriately venued in the District of Nevada pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claims herein occurred in the State of Nevada.

**FACTS**

28. Plaintiff uses the MAC POKER service mark in connection with providing news and information via a global computer network in the field of gaming, namely, online gaming websites, gaming strategy, gaming software, gaming rules, online gaming affiliate programs, gaming television show schedules, and gaming tournament schedules ("Plaintiff's Services"; the mark MAC POKER used in connection with Plaintiff's Services hereinafter "Plaintiff's Mark").

29. On or about November 1, 2011, the United States Patent and Trademark Office issued registration number 4,047,372 to Plaintiff's Mark on the Principal Register of Trademarks.

30. Plaintiff markets, and has, at all times relevant to this lawsuit, marketed, Plaintiff's Services on and through Plaintiff's Internet web pages ("Plaintiff's Content"), located, from time to time, at the domain <macpokeronline.com> ("Plaintiff's Domain"; Plaintiff's Content and Plaintiff's Domain collectively referred to as "Plaintiff's Website").

31. Defendants' Websites provide, without limitation, news and information via a global computer network in the field of gaming, namely, without limitation, news and information regarding online gaming websites, gaming strategy, gaming software, gaming rules, online gaming affiliate programs, gaming television show schedules, and gaming tournament schedules ("Defendants' Services").

32.     By providing Defendants' Services, Defendants are direct and simultaneous competitors of Plaintiff in the same service market as Plaintiff.

33.     Defendants use Plaintiff's Mark to denote the source of Defendants' Services by and through Defendants' Websites.

34.     Plaintiff has never granted Defendants permission or license to use Plaintiff's Mark in any manner.

35.     Defendants' use of Plaintiff's Mark is in a heading and category lead without any nominative word usage surrounding such use.

36.     Defendants' use of Plaintiff's Mark is not used in the context of any descriptive language as such use is a heading and category lead and therefore Plaintiff's Mark does not describe any generic activity.

## FIRST CAUSE OF ACTION

## REGISTERED MARK INFRINGMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(a)(1)

37.     Plaintiff incorporates, repeats, and realleges every allegation set forth above.

38.     Defendants are using and have used Plaintiff's Mark (as used by Defendants, the "Infringing Mark") in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services, including, without limitation, Defendants' Services, without Plaintiff's consent, and with knowledge that Defendants' use of the Infringing Mark in commerce constitutes the use of a counterfeit mark or designation (the "Infringing Mark Use").

39.     The Infringing Mark Use is likely to cause confusion, cause mistake, or deceive consumers and the public with respect to the goods and services, including, without limitation, Defendants' Services, offered in commerce by Defendants.

40.     Defendants have willfully engaged in the Infringing Mark Use with knowledge that the Infringing Mark Use constitutes infringement of Plaintiff's Mark.

41.     The Infringing Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with Plaintiff's Mark, in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

42.     Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Mark Use, and Defendants are liable to Plaintiff for the amount of those actual damages pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

43.     Defendants have profited as a direct and proximate result of the Infringing Mark Use, and Defendants are liable to Plaintiff for the amount of those profits pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

44.     Plaintiff has incurred costs of suit in connection with bringing this action, and Defendants are liable to Plaintiff for those costs of suit pursuant to § 35 of the Lanham Act (15 U.S.C. § 1117).

## SECOND CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTIES UNDER NEVADA COMMON LAW

45.     Plaintiff incorporates, repeats, and realleges every allegation set forth above.

46.     Plaintiff has invested significant time, effort, and money in creating, publicizing, and protecting Plaintiff's Mark and developing valuable goodwill arising from and associated with Plaintiff's Mark ("Plaintiff's Commercial Property").

47.     Plaintiff has preserved Plaintiff's right to license, encumber, or sell Plaintiff's Commercial Property to individuals or entities while Plaintiff has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

48.     Defendants misappropriated Plaintiff's Commercial Property by misappropriating Plaintiff's Mark, with respect to which Defendants intend to license, encumber, or sell Plaintiff's Commercial Property to individuals and/or entities, for Defendants' enrichment, without appropriately compensating Plaintiff.

49.     Plaintiff has sustained and will continue to sustain damages as a direct and proximate result of Defendants' misappropriation of Plaintiff's Commercial Property, and Defendants are liable to Plaintiff for the amount of those present and future damages.

50.     Defendants acted fraudulently, maliciously, and oppressively in misappropriating Plaintiff's Commercial Property, and Plaintiff is accordingly entitled to punitive and exemplary damages from Defendants.

51.     Plaintiff has been required to retain an attorney to prosecute this action, and Defendants are liable to Plaintiff for Plaintiff's attorney fees incurred in connection with the prosecution of this action.

52.     Plaintiff has incurred costs of suit in connection with bringing this action, and Defendants are liable to Plaintiff for those costs of suit.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

a.      For compensatory damages as alleged herein;

b.      For punitive and exemplary damages;

c.      For attorneys' fees and costs of suit incurred herein;

d.      For any other relief this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all causes of action set forth in this Complaint.

Respectfully submitted this 12th day of June, 2014.

GIBSON LEGRAND LLP

By   /s/ Steven A. Gibson

STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130