Greg Brower
Nevada Bar No. 5232
Craig S. Denney
Nevada Bar No. 6953
Carrie L. Parker
Nevada Bar No. 10952
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada  89501
Telephone:  775-785-5440
Facsimile:  775-785-5441
Email: gbrower@swlaw.com
       cdenney@swlaw.com
       cparker@swlaw.com

*Attorneys for Defendants, IBUS MEDIA LTD. and IBUS MEDIA HOLDINGS (IOM) LTD.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEST ODDS CORP.,<br><br>    Plaintiff,<br><br>vs.<br><br>IBUS MEDIA LIMITED, et al.<br><br>    Defendants. | Case No. 2:14-CV-00932-JAD-GWF<br><br>**MOTION FOR LEAVE TO FILE CERTIFICATE OF INTERESTED PARTIES FOR IN CAMERA REVIEW ONLY** |

**I.**

**INTRODUCTION**

Pursuant to Local Rule 10.5, Defendants iBus Media Ltd. and iBus Media Holdings (IOM) Ltd. ("Defendants") move for leave to submit the Certificate of Interested Parties for *in camera* review only.  This relief is necessary in order to protect Defendants from the undue prejudice that would almost certainly result from the filing of a Certificate of Interested Parties in the usual, unredacted form, while at the same time providing to the Court the information necessary to fulfill the purpose of the filing of such a Certificate.

20153242

This is not the first time that Plaintiff has filed suit against Defendants over the same nucleus of operative facts.[1]  In the first case, case number 2:13-CV-02008-RCJ-VCF ("Best Odds I"), Plaintiff was unsuccessful at obtaining the information contained in a Certificate of Interested Parties, and it was unsuccessful in surviving Defendants' Motion to Dismiss.[2]  In Best Odds I, Judge Jones granted the motion to dismiss, which Plaintiff has appealed to the Ninth Circuit ("Best Odds I Appeal").  Prior to Judge Jones' dismissal, Magistrate Judge Ferenbach ordered that the Certificate of Interested Parties be filed *ex parte* under seal and submitted *in camera*.[3]  Now, Defendants find themselves in a *de ja vu* scenario, having filed a Motion to Dismiss (ECF No. 7) in this case, "Best Odds II," and filing this Motion for Leave to File Certificate of Interested Parties for *In Camera* Review Only ("Motion"), similar to the corresponding motions filed in Best Odds I.   Thus, Defendants again respectfully request leave to submit the Certificate of Interested Parties for *in camera* review only.

## II.

## BACKGROUND

As noted above, Plaintiff previously filed suit against Defendants in Best Odds I, which Judge Jones dismissed, and which Plaintiff has appealed.  In Best Odds I, Defendants argued that that case was yet another example of a pattern wherein both the Plaintiff in this matter and its attorney, Steven Gibson, have a history of filing baseless "strike" suits alleging copyright violations.[4]  Defendants have reason to believe that Plaintiff's true purpose in filing this lawsuit,

---

[1] Defendants have filed a Motion to Dismiss Complaint, ECF No. 7, which is currently pending before this Court.

[2] Defendants have filed a Notice of Related Cases in this case and in Best Odds I and anticipate that this case may be re-assigned to the Honorable Chief Judge Robert Jones and Magistrate Judge Ferenbach.  A true and correct copy of the Notice of Related Cases is attached hereto as **Exhibit 1**.  To the extent that it is reassigned, a Certificate of Interested Parties may no longer be necessary as Judge Jones and Magistrate Judge Ferenbach have already made their conflicts determinations.  However, in an abundance of caution and in light of this Court's Order, Defendants hereby file this Motion.

[3] A true and correct copy of Judge Ferenbach's Order is attached hereto as **Exhibit 2.**

[4] *Righthaven v. Hoehn*, 716 F.3d 1166, 1168 (9th Cir. 2013); *see also* David Kravets, *Newspaper Chain's New Business Plan: Copyright Suits*, WIRED, (Jul. 22, 2010) (http://www.wired.com/threatlevel/2010/07/copyright-trolling-for-dollars/); RIGHTHAVEN LAWSUITS, http://www.righthavenlawsuits.com/index.html (last updated January 28, 2014) (providing a thorough index of cases filed and articles posted involving Righthaven).

- 2 -

20153242

as it was in filing Best Odds I, is to discover the identity of Defendants' parent corporations in order to create additional leverage for a hoped-for settlement of its claims. Apparently, not aware of the identity of these parent corporations, but aware that the mere filing of the suit would, in the normal course, require their disclosure by Defendants at the very outset of the case per Rule 7.1, Plaintiff's counsel, on behalf of his client, has apparently filed this suit with this very objective. Clearly, filing suit for such a purpose, without more, is an improper use of the judicial system, and Defendants should not be required to make such disclosures in the normal course in light of this apparent purpose.

Because of Plaintiff's apparent objective to obtain knowledge of Defendants' parent corporations through a Certificate of Interested Parties filed pursuant to FED. R. CIV. P. 7.1 and LR 7.1-1, Defendants moved in Best Odds I for leave to submit the Certificate of Interested Parties *in camera*. Magistrate Ferenbach granted that motion in part.[5]

In Best Odds I, the Court granted Defendants' Motion to Dismiss on or about June 4, 2014. Less than two weeks later, Plaintiff filed the Complaint in this case on or about June 13, 2014. For all the reasons set forth below, Defendants seek the same relief in this case as was granted in Best Odds I.

### III.

### LEGAL ANALYSIS

Rule 7.1 requires the certificate of Interested Parties to aid the trial judge in determining whether to recuse him- or herself because of an interest in a corporate entity related to a party. *See* FED. R. CIV. P. 7.1 (original advisory note); LR 7.1-1 (requiring the disclosure statement to include the following in its certification: "These representations are made to enable judges of the Court to evaluate possible disqualifications or recusal"). Conversely, Rule 7.1 is not intended to provide "free discovery" to a plaintiff for an improper purpose. It is not designed to provide a benefit to the opposing party. Defendants understand and appreciate the importance of a complete, accurate, and timely filing of a Certificate of Interested Parties in accordance with the

---

[5] Exh. 2, p. 5.

- 3 -

20153242

applicable rules, but submit that there are situations, such as the instant matter, where an alternative approach to compliance with the rules is warranted.

Defendants recognize that seeking leave to submit the Certificate of Interested Parties *in camera* is a novel approach, and Defendants appreciate Judge Ferenbach's conclusion in Best Odds I that the prejudice that Defendants articulated in that case, which is the same prejudice articulated in this Motion, satisfies good cause to justify denying Plaintiff access to the information contained in Defendants' Certificate of Interested Parties.[6]  In his Order, Judge Ferenbach primarily relied upon the Ninth Circuit's discussion of the public's right to access to court documents in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and FED. R. CIV. P. 26(c), which permits the Court to enter "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under *Kamakana*, there is no presumption of public access to judicial records that have been sealed and attached to non-dispositive motions.  447 F.3d at 1179.  Similarly, there is no presumption of public access to a Certificate of Interested Parties, which is necessary only for the court to determine whether there may be a reason for recusal.

Defendants respectfully submit that while the end result of Judge Ferenbach's decision was correct--that the Certificate may be submitted *in camera*--the Certificate should not be filed "under seal." Instead, Defendants suggest that it should be submitted for *in camera* review only, and Defendants will follow the procedure described in LR 10-5(a) to file a notice of *in camera* submission. Defendants' concern is that documents filed "under seal" are normally accessible by the parties, and Defendants seek to deny Plaintiff and its counsel access to the Certificate of Interested Parties.

**IV.**

**CONCLUSION**

For all the reasons set forth above, Defendants respectfully request that they be allowed to comply with FED. R. CIV. P. 7.1, and the related Local Rule, by filing a Certificate of Interested

---

[6] *Id.* at 4-5.

- 4 -

1 Parties in redacted form, while, at the same time, submitting an unredacted version of the same
2 Certificate of Interested Parties directly to chambers for an *in camera* review only.  Defendants
3 further respectfully request that the unredacted version not be entered into the Court's physical or
4 electronic docket or be otherwise made available to Plaintiff, its counsel, or the public.  This two-
5 part procedure will protect Defendants from inappropriate discovery, while fulfilling Defendants'
6 obligations under the applicable rules.[7]

7 DATED October 6, 2014                           SNELL & WILMER L.L.P.

By:/s/  Carrie L. Parker
Greg Brower, NV Bar No. 5232
Craig S. Denney, NV Bar No. 6953
Carrie L. Parker, NV Bar No 10952
50 West Liberty St. Suite 510
Reno, NV 89501
Telephone: (775) 785-5440
Facsimile (775) 785-5441
Email: gbrower@swlaw.com
Email: cdenney@swlaw.com
Email: cparker@swlaw.com

---

[7] As previously noted, in the event that this case is reassigned to Judge Jones and Magistrate Ferenbach, who presided over Best Odds I, the filing of a Certificate of Interested Parties may not be necessary, as Chief Judge Jones and Magistrate Judge Ferenbach have already made their conflicts determinations.

- 5 -

20153242

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October, 2014, caused a copy of the foregoing pleading to be submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

/s/   Carrie L. Parker
Carrie L. Parker

- 6 -

20153242