Greg Brower
Nevada Bar No. 5232
Craig S. Denney
Nevada Bar No. 6953
Carrie L. Parker
Nevada Bar No. 10952
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: gbrower@swlaw.com
       cdenney@swlaw.com
       cparker@swlaw.com

*Attorneys for Defendants, IBUS MEDIA LTD. and IBUS MEDIA HOLDINGS (IOM) LTD.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BEST ODDS CORP.,<br><br>        Plaintiff,<br><br>vs.<br><br>IBUS MEDIA LIMITED, et al.<br><br>        Defendants. | Case No. 2:14-CV-00932-RCJ-VCF<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE CERTIFICATE OF INTERESTED PARTIES FOR IN CAMERA REVIEW ONLY** |

COME NOW, Defendants iBus Media Limited and iBus Media Holdings (IOM) Limited ("Defendants"), by and through their undersigned counsel, and reply to Plaintiff's Opposition to Defendants' Motion to File Certificate of Interested Parties for In Camera Review Only.

///

///

///

///

///

20291923

This Reply is based on the accompanying memorandum of points and authorities, other pleadings and papers filed in this action, and such other argument and evidence which may be presented at the hearing on this Motion.

DATED this 20th day of October, 2014.

SNELL & WILMER LLP

By: *Carrie L. Parker*
Greg Brower
Nevada Bar No. 5232
Craig S. Denney
Nevada Bar No. 6953
Carrie L. Parker
Nevada Bar No. 10952
50 West Liberty Street, Suite #510
Reno, Nevada 89501
775.785.5441 (fax)
gbrower@swlaw.com
cdenney@swlaw.com
cparker@swlaw.com

20291923

# MEMORANDUM OF POINTS AND AUTHORITIES

This Court should allow *in camera* review only of Defendants' Certificate of Interested Parties because, as Judge Ferenbach correctly found in his Order permitting same in *Best Odds Corp. v. iBus Media Ltd., et al. ("Best Odds I")*, 2:13-cv-2008-RCJ-VCF (D. Nev. March 17, 2014), sealing of the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential litigation abuses that will needlessly increase the cost of litigation." *See* Dkt. #12, Ex. 2. In other words, the primary purpose of a Rule 7.1 corporate disclosure statement is to assist judges in determining whether they must recuse themselves because of a financial interest in the subject matter in controversy. The disclosure is not otherwise a discovery mechanism meant for Plaintiff to make inquiries into subject matters to which it is not otherwise entitled at this stage of the litigation.

Plaintiff's continued protestations that it should be allowed to interject itself in a judge-centric decision further evidence that there is a compelling reason pursuant to Rule 26(c) to allow for *in camera* review only – i.e. that Plaintiff would misuse the Certificate as a discovery tool. Plaintiff's protestations are even more misguided given that this case has already been transferred back to Chief Judge Robert C. Jones [*see* Dkt. # 13], who previously made a non-recusal determination based on Defendants' sealed filing of the Certificate of Interested Parties in *Best Odds I*. But for Plaintiff's game playing in filing a second case, the law of the case would mandate this matter. Pursuant to the law of the case doctrine, the Court's decision in *Best Odds I* is the "law of the case" and precludes this Court in this case from reconsidering an issue that has already been decided in the identical prior case. *See U.S. v. Alexander*, 106 F.3d 874 (9th Cir. 1997).[1] Here, the doctrine is especially fitting here where it would "protect both the court and the

---

[1] Although there are exceptions to the "law of the case" doctrine, they do not apply here as to require the Court to revisit and reverse its prior ruling. The prior order in *Best Odds I* was not "clearly erroneous," there has not been "an intervening change in controlling law," there is no substantial difference in evidence, there are no "other changed circumstances," and "manifest injustice" would not result if the prior ruling were permitted to stand. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993), *cert. denied*, 508 U.S. 951 (1993)). Indeed, as set forth in Defendants' Motion to Dismiss, this case is virtually identical to *Best Odds I*. The addition of so-called "new" jurisdictional facts

20291923

litigants before it from repeated reargument of issues already decided." *U.S. v. Real Prop. Located at Incline Vill.*, 976 F.Supp. 1327, 1353 (D. Nev. 1997) (citations omitted). Indeed, "[t]he law of the case doctrine becomes meaningless, at least in the context of a single action, in a single court, before a single judge, if the court accords its own prior rulings no deference." *See id.* In this case, the "party dissatisfied with the prior ruling" – i.e. the Plaintiff – should not be allowed to "reargue the point, without end, and without new evidence or new controlling law." *Id.*

Plaintiff concedes that Judge Ferenbach's prior March 17, 2014 Order controls this case and boldly asks for "reevaluation of that decision." Plaintiff did not move for reconsideration in Best Odds I, and as there has been no change in circumstance or law that would render Judge Ferenbach's prior March 17, 2104 Order worthy of being revisited, this Court should permit *in camera* review only of the Certificate of Interested Parties as it did in *Best Odds I*.

## CONCLUSION

WHEREFORE, for these reasons, and for the reasons more fully set forth in their Motion, Defendants respectfully request that they be allowed to comply with FED. R. CIV. P. 7.1, and the related Local Rule, by filing a Certificate of Interested Parties in redacted form, while, at the same time, submitting an unredacted version of the same Certificate of Interested Parties directly to chambers for an *in camera* review. Defendants further respectfully request that the unredacted version not be entered into the Court's physical or electronic docket or be otherwise made

///
///
///
///
///
///

---

have no bearing as to whether Judge Jones should make a recusal decision a second time based on whether he has a financial interest in the Defendant companies.

- 4 -

available to Plaintiff, its counsel, or the public. This two-part procedure will protect Defendants from inappropriate discovery, while fulfilling Defendants' obligations under the applicable rules.

DATED this 20th day of October, 2014.        SNELL & WILMER LLP

By: /s/ Carrie L. Parker
Greg Brower
Nevada Bar No. 5232
Craig S. Denney
Nevada Bar No. 6953
Carrie L. Parker
Nevada Bar No. 10952
50 West Liberty Street, Suite #510
Reno, Nevada 89501
775.785.5441 (fax)
gbrower@swlaw.com
cdenney@swlaw.com
cparker@swlaw.com

- 5 -

20291923

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October, 2014, caused a copy of the foregoing pleading to be submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

*Carrie L. Parker*
Carrie L. Parker

- 6 -