**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BEST ODDS CORP.,

           Plaintiff,

vs.

IBUS MEDIA LIMITED, et al.,

           Defendant.

Case No. 2:14–cv–00932–RCJ–VCF

**ORDER**

This matter involves a service mark infringement action under the Lanham Trademark Act of 1946, 15 U.S.C. § 1114. Before the court is Defendant iBus Media Limited's motion for leave to file a redacted certificate of interested parties (# 12[1]), Plaintiff's opposition to Defendant's motion for leave to file certificate of interested parties for in camera review only (#15), and Defendant's reply to response to (#12) motion for leave to file certificate of interested parties for in camera review only (#16). For the reasons stated below, iBus Media Limited's motion is granted.

## BACKGROUND

The dispute before the court concerns the propriety of Plaintiff Best Odds' litigation practices and consequentially Defendant iBus Media Limited's desire to comply with the local rules yet file its certificate of interested parties for in camera review only. iBus Media Limited claims that Best Odds and its attorney "have a history of filing baseless 'strike' suits alleging copy right violations." (Defendant. #12 at 2). iBus Media Limited further alleges that Best Odds' ulterior motive in "filing this lawsuit, … is to discover the identity of Defendants' parent corporations in order to create additional leverage for a hoped-for settlement of its claims." (*Id*. at 3). To thwart this, iBus Media Limited filed the instant

---

[1] Parenthetical citations refer to the court's docket.

motion for leave to file a redacted certificate of interested parties. iBus Media Limited submits that redacting the disclosure prevents Best Odds from abusing the judicial process. (*Id*.). In response, Best Odds filed an opposition to Defendant's motion, arguing, this is a disclosure that everyone must file, permitting Defendant to file redacted disclosures will prejudice the judicial system in not fostering judicial transparency.

## DISCUSSION

iBus Media Limited's motion to seal is granted for the reasons stated below. Federal Rule of Civil Procedure 7.1 governs disclosure statements. It provides that corporate parties must disclose "any parent corporation and any publically held corporation owning 10% or more of its stock." FED. R. CIV P. 7.1(a). Local Rule 7.1-1 adds that the disclosure must include "all persons, associations of persons, firms, partnerships or corporations including parent corporations, which have direct, pecuniary interest in the outcome of the case." Rule 7.1 should be broadly construed to serve its purpose: full disclosure. *See* 53 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d § 1197 at 78 (3d ed. 2004) (stating that grand-parent corporations should be disclosed).

Although Rule 7.1 disclosures are mandatory, a party may avoid disclosing this information by filing a motion to seal and complying with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). In *Kamakana*, the Ninth Circuit recognized that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' This right is justified by the interest of citizens in keep[ing] a watchful eye on the workings of public agencies." *Id*. at 1178 (citing *Nixon v. Warner Commc'n, Inc*., 435 U.S. 589, 597 & n. 7 (1978)). This includes judiciary and any financial interest a federal judge has—or may appear to have—in a corporation that appears in court. *See* FED. R. CIV. P. 7.1. (a).

However, *Kamakana* distinguishes between records attached to dispositive motions and records attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1180. This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions. *Id*. With non-dispositive motions, private interests predominate. *Id*. With dispositive motions, public interests prevail. *Id*. Accordingly, to seal information related to dispositive motions, the moving party must overcome the public's right of access to court records by satisfying the "compelling reasons" standards. *Id* at 1179. This standard may be satisfied by showing that the records attached to a dispositive motion have become a "vehicle for improper purposes," including the gratifications of private spite, the promotion of public scandal, the publication of libelous statements, or the disclosure of trade secrets. *Id*. Mere embarrassment, incrimination, or exposure to further litigation, however, are insufficient. *Id*.

By contrast, sealing records attached to non-dispositive motions merely requires satisfying Rule 26(c). *Id*. at 1180 (citing FED. R. CIV. P. 26(C) (stating that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense"). "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Id*. Unlike the compelling reasons standard, the good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses. *See* FED. R. CIV. P. 26 (C).

Local Rule 10-5 supplements *Kamakana* by prescribing the procedure for filing documents under seal. Rule 10-5(b) provides:

> [P]apers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers hall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."
> All papers filed under seal will remain sealed until such time as the Court may deny the

3

motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to the Local Rule.

LR 10-5(b).

iBus Media Limited's motion is non-dispositive. The court finds that the prejudice that iBus Media Limited articulated satisfies Rule 26(c)'s good cause standard. *See Kamakana*, 447 F.3d at 1180 ("Rule 26 (c) gives the district court much flexibility in balancing and protecting the interest of private parties"); *see also* FED. R. CIV. P. 26(a), Advisory Committee Notes, 1993 Amendments ("The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.").

The court also notes that sealing iBus Media Limited's disclosure will (1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential[2] litigation abuses that will needlessly increase the cost of litigation. *United States v. Columbia Broad. Sys., Inc*., 666 F.2d 364, 368-69 (9th Cir. 1982) stating that Rule 26(c) "authorizes courts to make 'any order which justice requires to protect a party or person from … undue burden or expense.'"); *See also* Fed. R. Civ. P. 1 (instructing courts to administer the rule "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ACCORDINGLY, and for good cause shown,

---

[2] The court makes no finding of fact with regard to Best Odd's actual intent in filing suit. This question is beyond the scope of the current order, which merely request the court to determine whether iBus Media Limited articulated good cause to seal its corporate disclosure statement.

4

IT IS ORDERED that the Defendant iBus Media Limited's motion to file a redacted certificate of interested parties (#12) is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of November, 2014.

                                                     _____
                                                   CAM FERENBACH
                                                   UNITED STATES MAGISTRATE JUDGE