UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BEST ODDS CORP.,

          Plaintiff,

vs.

IBUS MEDIA LIMITED et al.,

          Defendants.

2:14-cv-00932-RCJ-VCF

**ORDER**

This case arises out of alleged trademark infringement. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion.

**I.    BACKGROUND**

Plaintiff Best Odds Corp. is a Nevada corporation that provides "news and information via a global computer network in the field of gaming." (Compl. ¶ 17, ECF No. 1 in Case No. 2:13-cv-2008). Defendants iBus Media and iBus Media Holdings (collectively, "Defendants") are Isle of Man corporations that provide "news and information via a global computer network in the field of gaming." (*Id*. at ¶ 20). Both Plaintiff and Defendants use the MacPoker® trademark in connection with their respective websites. (*Id*. at ¶¶ 21–22). The mark, however, is registered to Plaintiff. (*Id*. at ¶ 18; USPTO Registration, ECF No. 1-2).

On October 29, 2013, Plaintiff filed Case No. 2:13-cv-2008 (the "'2008 Case") in this Court, claiming trademark infringement under the Lanham Act and "misappropriation of commercial properties" under Nevada common law. The Court granted a motion to dismiss for lack of personal jurisdiction. An appeal is pending. Plaintiff has now filed the present Complaint in this Court, suing the same two Defendants for the same two claims, but making

1

additional allegations concerning personal jurisdiction. Defendants have moved to dismiss for lack of personal jurisdiction and under the doctrine of claim preclusion.

## II.   DISCUSSION

This Court has lost subject matter jurisdiction over the claim in the '2008 Case. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Court has no jurisdiction in that case or here to reconsider the personal jurisdiction issue (the precise issue on appeal) based on the present Complaint, which in substance amounts to a proposed first amended complaint in the '2008 Case, because the Court may not modify its appealed order such that "the appeals court would be dealing with a moving target if it ruled on the revised order or, alternatively, its ruling would be obsolete if it ruled on the 'old' order." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). If Plaintiff wants the Court to reconsider its previous dismissal for lack of personal jurisdiction, its recourse at this stage is to ask the Court for an indicative ruling under Civil Rule 62.1 in the '2008 Case (presumably based on newly discovered evidence under Rule 60(b)(2)) and then, if the Court were to indicate a ruling in Plaintiff's favor, request remand from the Court of Appeals under Appellate Rule 12.1. Plaintiff relies on *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536 (9th Cir. 1983) for the proposition that the Court can hear the present case directly because it relies upon new facts. But in *Kendall*, no appeal had been taken from the adverse ruling in the earlier-filed case. *See* 700 F.2d at 537. *Kendall* itself noted that issue preclusion applies to determinations of personal jurisdiction. *See id.* at 538 ("It is well settled that the principles of *res judicata* apply to the issue of *in personam* jurisdiction in the same manner as any other issue."). A plaintiff whose

earlier action is dismissed for lack of personal jurisdiction may indeed refile an otherwise identical legal claim based on new jurisdictional facts in order to argue personal jurisdiction anew. *See id.* at 539. In the present case, however, where an appeal of the personal jurisdiction issue is pending, this Court may not now readdress it in a way that may throw a monkey wrench into the Court of Appeals' concurrent consideration of the same issue. *See Britton*, 916 F.2d at 1412.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Protective Order (ECF No. 20) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 5th day of November, 2014.

_____
ROBERT C. JONES
United States District Judge