**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| BEST ODDS CORP., <br><br>          Plaintiff, <br><br>     vs. <br><br> IBUS MEDIA LIMITED et al., <br><br>          Defendants. | 2:14-cv-00932-RCJ-VCF <br><br> **ORDER** |

This case arises out of alleged trademark infringement. Pending before the Court is a Motion for Attorney's Fees and Costs (ECF No. 23). For the reasons given herein, the Court grants the motion in part.

## I.     BACKGROUND

Plaintiff Best Odds Corp. is a Nevada corporation that provides "news and information via a global computer network in the field of gaming." (Compl. ¶ 17, ECF No. 1 in Case No. 2:13-cv-2008). Defendants iBus Media and iBus Media Holdings (collectively, "Defendants") are Isle of Man corporations that provide "news and information via a global computer network in the field of gaming." (*Id*. at ¶ 20). Both Plaintiff and Defendants use the MacPoker® trademark in connection with their respective websites. (*Id*. at ¶¶ 21–22). The mark, however, is registered to Plaintiff. (*Id*. at ¶ 18; USPTO Registration, ECF No. 1-2).

On October 29, 2013, Plaintiff filed Case No. 2:13-cv-2008 (the "'2008 Case") in this Court, claiming trademark infringement under the Lanham Act and "misappropriation of commercial properties" under Nevada common law. The Court granted a motion to dismiss for lack of personal jurisdiction. Plaintiff appealed but also filed the present Complaint in this

Court, suing the same two Defendants for the same two claims, but making additional allegations concerning personal jurisdiction. Defendants moved to dismiss for lack of personal jurisdiction and under the doctrine of claim preclusion. The Court dismissed under *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). That is, although Plaintiff could bring another otherwise identical case with new allegations of personal jurisdiction if the first case were no longer pending, *see Kendall v. Overseas Dev. Corp.*, 700 F.2d 536 (9th Cir. 1983), because the first case was still pending on appeal, there was no jurisdiction in the district court to reconsider the new allegations of personal jurisdiction.

## II.     DISCUSSION

Although the motion is entitled as one for both fees and costs, Defendants only argue only for attorney's fees in the motion. Defendants request a total of $30,455 for fees incurred due to legal work by Ifrah Law and $10,867 for fees incurred due to legal work by Snell & Wilmer. Attorney's fees may be imposed where separately provided for by statute, rule, or otherwise. Fed. R. Civ. P. 54(d)(2)(B)(ii). Defendants base their motion on 28 U.S.C. § 1927. The statute permits a court to award fees against an attorney (or *pro se* party) "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Defendants argue that the filing of a lawsuit the Court did not have jurisdiction to entertain was unreasonable and vexatious. The Court agrees. The Court of Appeals has held that the filing of a precluded claim is "reckless" and vexatious as a matter of law under the statute. *See Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (Brunetti, J.) (ruling that the district court abused its discretion in refusing to award § 1927 sanctions under such circumstances). It therefore appears not only that it is within the Court's discretion to award sanctions under § 1927 in this case, but it would quite possibly be an abuse of discretion not to do so.

Plaintiff argues that the Court, not Plaintiff, identified the precise problem with the Court's jurisdiction in the present case. But that has no bearing on whether the filing was vexatious. A court may, for example, identify jurisdictional issues with a plaintiff's action *sua sponte* and dismiss based thereupon (after notice and opportunity for hearing) without the defendant ever lifting a finger. There is no indication the statute does not apply in such cases. There is therefore no reason the statute should not apply where the action is in fact vexatious and a defendant has moved to dismiss it, but the court has dismissed for another reason. So long as a defendant's filings for which he seeks to be compensated were "reasonably incurred because of [vexatious] conduct," they are compensable. *See* § 1927. The Court cannot say that fees incurred in connection with a motion to dismiss focusing on potentially meritorious reasons for dismissal are incurred unreasonably simply because the motion does not precisely target the root of what makes the action vexatious. If an action is in fact vexatious, any fees reasonably incurred in defending the action are compensable under the statute. It is the plaintiff who files a vexatious action who bears the risk that the defendant will not immediately identify the precise vexatious nature of the action but rather incur significant legal expenses reasonably defending the action in the meantime. In any case, it is simply untrue that Defendants did not identify the vexatious nature of the action in their motion to dismiss. Defendant's claim preclusion arguments were closely related to the Court's reason for dismissal under *Britton*.[1]

Plaintiff next argues that its subjective intent was not to multiply the proceedings, but to reduce them. But that cannot be the case if counsel is familiar with federal procedure. If judicial

---

[1] Plaintiff notes that the *Britton* court in fact did not find the later claim precluded in that case. *See* 916 F.2d at 1412. However, the *Britton* court noted that the claim would have been precluded if "the appeals court would be dealing with a moving target," which is the case here. *See id.* at 1411–12 (citing *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731 (9th Cir. 1982) (Wallace, J.)).

efficiency had been the intent, Plaintiff would have filed a motion for an indicative ruling in the first action.  Denial of the motion would have permitted an amended appeal in the first case, and an indication of intent to grant the motion would have permitted the Court of Appeals to remand for entry of such an order and further proceedings in the first case.  Alternatively, Plaintiff could have voluntarily dismissed his appeal of the first case before filing a new case in the district court.  Plaintiff took neither of these routes.  Rather, he maintained an appeal of the first action while also filing the second action, demanding that the district court reanalyze the personal jurisdiction issue in the second case, while also requiring the Court of Appeals' continued attention to the same issue in the appeal of the first case.  Filing a second action while maintaining the appeal in the first action was an odd choice for a litigant truly desirous of reducing the proceedings.  Either recklessness or bad faith can support § 1927 sanctions. *See Estate of Chargualaf v. Winkler*, 792 F.2d. 858, 860 (9th Cir. 1986).  Plaintiff's actions here were at least reckless.

Plaintiff next argues that Defendants are not entitled to fees because they are not prevailing parties, the matter having been dismissed for lack of subject matter jurisdiction.  But § 1927 is not a fee-shifting statute of the type where prevailing party status is important.  It is a sanctions statute.  In fact, the statute will very often apply where an action is dismissed for lack of subject matter jurisdiction.  Where an action is dismissed because there is no subject matter jurisdiction or the claims are precluded, sanctions under the statute are particularly appropriate.

Next, Plaintiff argues that the fees requested are unreasonable because many of the relevant arguments in the briefs filed in this case had already been prepared for the first case.  The Court agrees and will take this into consideration when analyzing what amount of fees is reasonable.

The Court finds that the hours requested by both law firms are reasonable, except for Ifrah Law's requested hours for preparing the motion to dismiss and the present motion for attorney's fees. The motion to dismiss should not have taken over 130 hours of attorney labor. Only about four pages of the motion concern the new res judicata issue. The rest of the motion consists of the factual and procedural history and the Rule 12(b) arguments already made in part in the first action. The Court will allow twenty hours to Ifrah Law for the motion to dismiss, at $450 per hour, the approximate average rate charged by the four attorneys who assisted in preparing it.[2]  The Court will also permit only ten hours for preparation of the present motion, at $420 per hour, the approximate average rate charged by the three attorneys who assisted in preparing it. The Court accepts the other attested to rates and hours. Snell & Wilmer's claimed labor consists of reasonable "nickel and dime"-type charges for the many minor tasks required of associated local counsel. The hours are well documented and do not appear excessive. The total awarded to Ifrah Law is $18,308, and the total awarded to Snell & Wilmer is $10,867.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 23) is GRANTED IN PART. Attorney's fees are awarded against Attorney Steven A. Gibson and Gibson LeGrand LLP, jointly and severally, and in favor of Defendants, in the amount of $29,175.

IT IS SO ORDERED.

Dated this 30th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[2] The rates claimed by Ifrah Law are at the outer limits of what might be considered reasonable for general litigation practice in the local market, but the Court will not reduce them.