**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEST ODDS CORP., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> IBUS MEDIA LIMITED and IBUS MEDIA HOLDINGS (IOM) LIMITED, <br><br> Defendants-Appellees. | No.   15-15159 <br><br> D.C. No. <br> 2:14-cv-00932-RCJ-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted July 7, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

Best Odds Corp. appeals the district court's order issuing sanctions under 28 U.S.C. § 1927. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and vacate the award of attorneys' fees.

The district court abused its discretion by imposing sanctions under § 1927, because the act of filing a complaint is not sanctionable under that section. *See McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987) ("For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on."). Section 1927 permits a court to require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." However, "§ 1927 cannot be applied to an initial pleading." *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co. Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996). "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *Id.*

Defendants appear to justify the use of § 1927 by claiming that the filing of the complaint in the second lawsuit could be viewed as an attempt to make an additional filing in the initial lawsuit, thus multiplying the proceedings therein. However, this claim is not supported by the record. The district court made clear

that it was imposing sanctions as a result of Best Odds filing a complaint in the second lawsuit. The court explained, "Defendants argue that the filing of a lawsuit the Court did not have jurisdiction to enteratin was unreasonable and vexatious. The Court agrees."

Defendants moved for sanctions based on § 1927 or, in the alternative, the district court's inherent power. However, the district court relied only on § 1927 in imposing sanctions. After reviewing the record in this case, we conclude that the district court also would have abused its discretion had it imposed sanctions on Best Odds' attorney based on its inherent power. The record does not support a finding of bad faith. *See In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d at 436–37 ("In sanctioning counsel, courts may not invoke inherent powers without a specific finding of bad faith." (internal quotation marks and alterations omitted)).

The parties shall bear their own costs on appeal.

**REVERSED and VACATED.**